Filed 12/31/25  Kathryn W. v. Christopher W. CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KATHRYN W., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CHRISTOPHER W., <br><br> Defendant and Respondent. | A173605 <br><br> (Humboldt County Super. Ct. No. FL 2300549) |

Plaintiff Kathryn W. appeals from orders denying domestic violence temporary restraining orders (DVTROs)[1] that she sought against defendant Christopher W., with whom she shares a child. She argues the trial court erred by denying her request because she made a facially adequate showing of abuse for a DVTRO pending a noticed hearing.

---

[1] The Domestic Violence Protection Act (DVPA) authorizes short-term ex parte restraining orders pending a hearing (Fam. Code, §§ 6320–6327) and long-term restraining orders issued after notice and hearing (Fam. Code, §§ 6340–6347).  We refer to the former as a DVTRO and the latter as a DVRO, its common designation as a permanent domestic violence restraining order, DVRO.

All further undesignated references are to the Family Code.

1

We conclude the appeal is moot because the trial court has since granted plaintiff a one-year DVRO and this court cannot afford plaintiff any effective relief. We therefore dismiss the appeal as moot.

## DISCUSSION

An appeal becomes moot when an actual controversy that once was ripe no longer exists due to a change in circumstances. (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573.) In assessing mootness, "[t]he pivotal question . . . is . . . whether the court can grant the plaintiff any effectual relief." (*Id.* at p. 1574.) If events have made such relief impracticable, the controversy has become moot. (*Ibid.*)

Plaintiff filed a request for a DVRO on April 29, 2025, for herself and her child, and she sought a DVTRO along with this request. The court denied the request for a DVTRO pending a noticed hearing because "[t]he facts given in the request (form DV-100) do not show reasonable proof of a past act or acts of abuse."

On May 29, 2025, plaintiff filed a second request for a DVRO for herself and her child, and she also sought a DVTRO. On May 30, 2025, the court filed an application to commence juvenile dependency proceedings for the parties' child. The court denied the second DVTRO pending a noticed hearing that same day because of the referral to child welfare services.

A juvenile dependency proceeding was initiated, and the court dismissed plaintiff's requests for DVROs at a noticed

2

hearing because the court concluded it lost jurisdiction over the requests because of the pending dependency proceeding.[2]  The court subsequently set aside that order,[3] and, in response to our orders requesting supplemental briefing, plaintiff has informed this court that the trial court granted her a one-year DVRO on December 2, 2025.

We conclude that we cannot grant plaintiff any effective relief in this appeal of the denial of the DVTROs when the trial court has now granted plaintiff a DVRO after a noticed hearing. This appeal is therefore moot and should be dismissed.

## DISPOSITION

The appeal is dismissed.

BROWN, P. J.

WE CONCUR:
GOLDMAN, J.
MOORMAN, J.*                    *Kathryn W. v. Christopher W.*  (A173605)

---

[2] We grant plaintiff's motion to augment the record.

[3] Plaintiff's unopposed request for judicial notice of documents filed in the trial court, including the trial court's October 28, 2025, minute order setting aside the dismissal of the DVROs, is granted.

* Judge of the Superior Court of Mendocino County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3